## Bank Investments in F. H. A. Loans

BROWN, Deputy Attorney General, June 3, 1940.—You have inquired as to the eligibility of what are known as class 3 loans under title I of the National Housing Act of June 27, 1934, 48 Stat. at L. 1246, for investment by banking institutions under your supervision. This class of loans is established by a regulation of the Federal Housing Administration dated September 1, 1939, which regulation was amended September 25, 1939. The loans so classified are not to exceed the principal amount of $2,500 and the proceeds of such loans must be used exclusively for the purpose of erecting new residential structures. The loan may represent as much as 95 percent of the actual cost of such construction.

The Federal Housing Administration insures each banking institution for 10 percent of the aggregate of all such loans. It is to be noted that loans made under title II of the National Housing Act, supra, are insured by the

Federal Housing Administration in full, that is, each individual mortgage is 100 percent insured.

Loans under title II have been approved as investments for banking institutions under your supervision by a specific provision in section 1012 of the Banking Code of May 15, 1933, P. L. 624, as amended by section 1 of the Act of April 22, 1937, P. L. 349, namely:

". . . restrictions imposed by this section shall not apply to bonds secured by mortgages which are insured . . . pursuant to the provisions of the National Housing Act . . . its amendments and supplements . . .".

The only question which confronts us is whether or not these loans are made ineligible by reason of the fact that only 10 percent of the aggregate thereof are insured under the regulation referred to above.

We feel that the complete answer is to be found in section 1012 of the Banking Code, supra, as amended. Two parts of section 1012 are pertinent, that already quoted above and a preceding part thereof which reads as follows:

"A bank or a bank and trust company shall have the power to lend on the security of, or invest in, bonds secured by mortgages upon real property, but it shall lend upon, or invest in, only such bonds and mortgages as (1) are first liens on unencumbered improved real property, including improved farm land, situated within the Commonwealth, and (2) *do not exceed two-thirds of the actual value of such real property*, and (3) become due within ten years after the making of such loan or investment, unless amortized in equal annual installments over a period not exceeding fifteen years after the making of such loan or investment. Any building which is upon, and is included in the valuation of, such real property shall be insured against loss by fire, to the benefit of such bank or bank and trust company, by the borrower or mortgagor during the term of the bond, in a company which is authorized to do business in Pennsylvania and

is approved by the bank or bank and trust company making the investment." (Italics supplied.)

It follows, therefore, that inasmuch as mortgage loans under title I, class 3, of the National Housing Act may exceed an amount equal to two thirds of the actual value of the mortgaged property, such loans are ineligible. It is to be noted that in the case of loans under title I, class 3, the amount of the loans may be 95 percent of the construction costs, and that the limitation upon banks generally is that the loan shall not exceed two thirds of the actual value of the property, which we take it would include the land and dwelling.

Of course, if a particular Federal Housing Administration mortgage of this class should not exceed an amount equal to two thirds of the actual value of the property, that is, land and dwelling, it, if otherwise qualified under the provisions of section 1012, would be eligible, regardless of the insurance feature. We are here concerned only with those loans which exceed such a two-third valuation.

Under what we have termed the second pertinent part of section 1012, insurance of each individual loan is contemplated while under the September 1, 1939, regulation of the Federal Housing Administration the insurance is provided to the extent of 10 percent of the aggregate of such loans.

The chief argument advanced by those who desire approval of such investments is that such loans are insured within the meaning of our act, and therefore eligible, because experience is that losses on this type of loan never exceed the 10 percent thereof which is insured.

Without dwelling upon the fact that this class of mortgage loan is new, and the experience therewith naturally limited, we will say that the argument so advanced falls because our act contemplated only insured individual mortgages, loans under title I, class 3, as indicated, not being provided for when section 1012 of the Banking Code was amended in 1937. We can give no interpretation to the word "insured" as used in section 1012 other

than that it contemplates insurance of the entire amount of the mortgage.

Under title II of the National Housing Act the mortgage itself is insured while under class 3, title I, loans the insurance runs in favor of the bank and not specifically as to the bond and mortgage securing the loan.

The procedure differs also in that, in loans under title II, the bank acquires a specific mortgage and bond, while in the case of loans under class 3, title I, the transaction is carried out by the execution of a note as the primary obligation to which the bond and mortgage are collateral.

There are, of course, other requirements which a mortgage must meet before a bank may make the investment and these are set out in the language of section 1012(1) and (3), quoted above, and also by a provision in the code contained in the same section, which reads as follows:

"*The actual value of the real property shall be determined by two reputable persons, especially familiar with real property values in the vicinity of the particular property to be appraised,* selected from or approved by the board of directors." (Italics supplied.)

This provision as to appraisers might not be met in the case of class 3 loans under title I.

While we refer herein so far to section 1012 exclusively, this section having specific application to banks and bank and trust companies, what we have said is also applicable to private banks, savings banks, and trust companies, by reason of the provisions of sections 1310, 1208, 1209, and 1001B of the Banking Code, which in effect apply the same rules to all institutions above mentioned.

It is our conclusion that only by legislation, if the same be forthcoming, can such loans be made eligible.

It is our opinion and you are, therefore, accordingly advised:

That banking institutions under your supervision may not make investments in mortgage loans coming within class 3, title I, of the National Housing Act. Exceptions

to section 1012 of the Banking Code do not include such loans. However, should such a loan meet all the requirements of section 1012, it would, of course, be acceptable.